THE STATE *v.* WARD.

CRIMINAL LAW. *Forgery.* An instrument of writing to be the subject of forgery must be such as that a party's rights might have been prejudiced by the forgery thereof.

  Cases cited: Humphreys *v.* State, 10 Hum., 442; Hale *v.* State, 1 Col., 167; State *v.* Martin, 9 Hum., 61, 65.

FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

C. ROBERTS for defendant.

FREEMAN, J., delivered the opinion of the court.

This is an indictment for forging a letter purporting to have been written by J. R. Joynor. It alleges, first, that W. E. Wade unlawfully, fradulently and feloniously, did falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited, and willingly did aid and assist in the false making, forging and counterfeiting, a certain paper, writing or letter for the sale of certain coupons, and the remittance of a certain sum of money to-wit, $10,000, by draft, to Memphis, Tennessee, the tenor of which is as follows, setting out the entire letter.

Forgery is defined by sec. 4718 of the Code to be "the fraudulent making or attestation of any writing to the prejudice of another's rights. We need not discuss the question that two offenses are charged in the same count of the indictment. It is well and repeatedly settled that this cannot be done.

The question of vital importance in the case is, whether the offense of forging is charged by the indictment at all, or whether the instrument set out and alleged to have been forged, with the facts charged, make a case of forgery. The letter is dated Memphis, Tenn., Sept. 11, 1871, and is as follows:

"DEAR WILL.—I received your letter of September 14th, and was disappointed and much surprised at its contents—disappointed because I expected to find a check for the amount of the coupons, and surprised that the banks should think there was anything wrong in them. I can't imagine what he means, and hardly know what to say to relieve you of the trouble you seem to be in. Had I the time to spare I would come at once, but I am too busily engaged at present to leave. I will, however, state that said coupons are my own personal property, purchased with my own money, and that I purchased most of them from brokers in New York when I was there a little over a year ago. At that time they were low in the market, and I thought I could make something by selling them, with the aid of some of my friends here, to the Memphis and Charleston Railroad, but when I attempted to do so I was informed that they had made arrangements with a banker in Nashville to

buy for them and pay over for the road—perhaps the same banker that says there is something wrong in those I left with you."

Then follows an explanation with reference to a conditional ownership of a few of the bonds, by the writer, and then he directs as to the other coupons: that he let "the banker have them at the price mentioned, or if this explanation don't suit him, send them all to me at once, for I can get nearly as much as he offered for them here, but the price is declining any way. If he takes them, get a draft for $10,000 in favor of Toof, Philips & Co., and do with the balance as I instructed you when I saw you last. Hoping this will ease their minds as well as yours, I am as ever, your true friend,

"J. R. JOINER."

This instrument is charged to have been made with intent to injure and defraud the State of Tennessee, and divers other persons, and to the prejudice of the State, etc.

The general rule, subject possibly to some qualification, "that if the writing counterfeited could be of no legal effect, if genuine, it will not be forgery: *Humphreys* v. *State*, 10 Hum., 442. It is not necessary, however, that injury has actually resulted in order to make out the offense. It is sufficient that the fraudulent intent existed, and that injury might have resulted if his object had been accomplished: *Hale* v. *State*, 1 Col., 167, which we take to mean, as shown by that case, as the effect of that particular instrument, the instrument in the case being an order

The State *v.* Ward.

to J. R. Anderson to let Miller have three dollars in goods and charge J. G. King.

In view of these principles we cannot see how the State of Tennessee, or any one else, could possibly have been injured by this letter, or if genuine, it could have furnished evidence affecting the rights of the State or any one else—that is, have fixed any liability upon them.

Without further discussion of other objections to the indictment, it suffices to say, that we hold this letter is not the subject of forgery, as set out in the indictment, and there are no specific allegations in the indictment showing how any one's rights might have been prejudiced by it, as in the rule where the instrument does not on its face show this material ingredient in the offense: *State* v. *Martin*, 9 Hum., 64, 65. The judgment of the court quashing the indictment must be affirmed.